IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| APAC-KANSAS, INC., WILKERSON MAXWELL DIVISION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 05-CV-0388-CVE-FHM |
| BARNHART CRANE & RIGGING CO., | ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is the motion for summary judgment (Dkt. # 26) filed by plaintiff APAC-Kansas, Inc., Wilkerson Maxwell Division ("APAC") on December 13, 2005. On June 9, 2005, APAC filed suit against defendant Barnhart Crane & Rigging Co. ("Barnhart") in state court, alleging breach of contract. Barnhart removed to federal court based on diversity of citizenship. APAC asks the Court to grant it summary judgment against Barnhart for damages in excess of $100,000, plus interest, for breach of contract and $27,002.10 for property damage.

**I.**

This contract dispute arises from an equipment lease agreement ("ELA") for a Linkbelt LS-718 "crawling" crane which Barnhart leased from APAC from November 2000 to February 2001 for use in the construction of a power plant in Bixby, Oklahoma. The ELA has a front page and back page. APAC faxed Barnhart the ELA front page, which set out the rental rate, the mobilization costs, the type of crane, and the rental period. Dkt. # 26, Ex. 9, Lease Agreement. Barnhart signed the ELA front page on November 15, 2000, and returned the signed front page to APAC. Barnhart denies having received the ELA back page, which included the "terms and provisions" of the contract. Id. These terms require the lessee to accept responsibility for damage to the crane during

use and to pay premium charges for use of the crane in excess of one hundred seventy-six (176) hours per month. Id.  Barnhart argues that APAC faxed it only the front page of the contract and, thus, the "terms and provisions" were never included in the parties' contract.  APAC claims to have sent Barnhart both pages and asserts that Barnhart is bound by the "terms and provisions."

In support of its motion for summary judgment, APAC cites deposition evidence from its employee, Stephen O. Smith, to prove that Barnhart received notice of the "terms and provisions" on the ELA back page.  Dkt. # 30, Ex. 1, Affidavit of Stephen O. Smith.  However, Smith has no personal knowledge of this, as he instructed his secretary to fax the document.  Dkt. # 28, Ex. 3, Deposition of Stephen O. Smith, at 17.  Barnhart disputes Smith's affidavit.  Dkt. # 28, Ex. 1, Deposition of Alan Scott Barnhart, at 35 ("I was agreeing to what you see on the front page."). Further, APAC's agent, William F. Holt, explained that APAC had only the front page of the faxed ELA in its file for Barnhart.  Dkt. # 28, Ex. 2, Deposition of William Fred Holt, at 77.

If the "terms and provisions" apply to the parties' agreement, the parties dispute how to define excess usage.  The ELA back page states:

> In the event that the use of the Equipment in any of the stated period[s] of time exceeds the specific stated number of hours[,] the rental rate for such overtime operation shall increase rental due as follows: . . . (c) For each hour worked in excess of one hundred seventy-six (176) hours in any thirty (30) consecutive day period of time, one hundred seventy-sixth (1/176) of the monthly rental rate shall be paid.

Dkt. # 26, Ex. 10, Lease Agreement.  APAC argues that an "hour worked" is measured by the time the crane's engine is running as indicated by the attached hour meter.  In contrast, Barnhart argues that an "hour worked" is measured by the time when the crane is actively lifting.

2

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 317.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

## III.

The summary judgment record shows that there is a genuine issue of material fact as to the contract claim: whether APAC communicated the "terms and provisions" of the ELA to Barnhart prior to its execution on November 15, 2000. To form a contract, consent of the parties must be free,

mutual, and communicated by each to the other. Okla. Stat. tit. 15, § 51. "It is, of course, elemental that there must be a meeting of the minds of the parties upon all essential elements before a contract is created." O'Neal v. Harper, 75 P.2d 879, 882 (Okla. 1937). The signed front page of the ELA states that the lease is "according to the terms and provisions as stated on the reverse side of this page . . . ." Dkt. # 26, Ex. 9, Lease Agreement, at 1. Nevertheless, if Barnhart did not receive the ELA back page on November 15, 2000, when its agent signed the front page, the parties' meeting of the minds did not encompass the uncommunicated "terms and provisions." See Manhattan Construction Co. v. Rotek, Inc., Defontaine-Definox Div., Berco Crawler Systems, 905 F. Supp. 971, 973 (N.D. Okla. 1995) (holding that an arbitration clause did not control where, "[d]espite the reference on the quote to the 'terms and conditions set forth on the reverse side hereof', Manhattan did not receive the reverse side" with the arbitration clause on it).

Both parties submitted self-serving testimony, resulting in "a 'he said/he said' credibility battle." U.S. v. Agostino, 132 F.3d 1183, 1198 (7th Cir. 1997). There remains a factual dispute regarding Barnhart's knowledge of the "terms and provisions" prior to formation of the November 15, 2000 contract with APAC. Given the centrality of the "terms and provisions" to this case, summary judgment is not appropriate; resolution of this issue of fact based on witness credibility is for the trier of fact.[1]

With regard to Barnhart's contention that the "terms and provisions" concerning overtime use of the crane are ambiguous, the Court finds that the disputed terms are not ambiguous as a matter

---

[1] If this question is submitted to the jury, the Court will provide the jury with a special interrogatory to answer.

of law.[2]  See S. Corr. Sys., Inc. v. Union City Pub. Sch., 64 P.3d 1083, 1088 (Okla. 2002) ("The interpretation of a contract, and whether it is ambiguous is a matter of law for the Court to resolve."). "The Court will not create an ambiguity by using a forced or strained construction, by taking a provision out of context, or by narrowly focusing on the provision." Id. at 1089.  Barnhart argues that an "hour worked" is ambiguous and should be measured by time that the crane is lifting rather than time the engine is running.  However, it has not presented any evidence of ambiguity other than self-serving deposition testimony.  The language of the contract governs "if it is clear and does not involve an absurdity." Hicks v. Mid-Kansas Oil & Gas Co., 76 P.2d 269, 271 (Okla. 1938).  The ELA terms regarding premium hours are unambiguous and overtime charges are properly measured by the time recorded on the hour meter.  Therefore, APAC is within its contractual rights, if the "terms and provisions" are part of the contract, to use the hour meter as a basis for the alleged financial obligation of Barnhart under the ELA.

**IT IS THEREFORE ORDERED** that plaintiff's motion for summary judgment (Dkt. # 26) is hereby **denied.**

**IT IS SO ORDERED** this 9th day of March, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Of course, if the ELA back page is found not to be part of the parties' contract, their dispute over definitions of particular terms is moot.