UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| APAC-KANSAS, INC., WILKERSON MAXWELL DIVISION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 05-CV-0388-CVE-FHM |
| BARNHART CRANE & RIGGING CO., | ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court are plaintiff's motion for new trial (Dkt. # 78) and motion for judgment as a matter of law (Dkt. # 79) in which plaintiff contests the jury verdict (Dkt. # 74) and judgment (Dkt. # 75) entered April 12, 2006 in its favor. This contract dispute arises from an equipment lease agreement ("ELA") for a Linkbelt LS-718 "crawling" crane which defendant leased from plaintiff from November 2000 to February 2001 for use in the construction of a power plant in Oklahoma. Plaintiff filed this case in state court and defendant removed on the basis of diversity jurisdiction. Dkt. # 2. At the time of removal, plaintiff, APAC-Kansas, Inc., Wilkerson Maxwell Division ("APAC"), was seeking in excess of $1 million from defendant, Barnhart Crane & Rigging Co. ("Barnhart"), for failing to pay overage charges as required by the ELA, plus additional monies for property damage. Id., Ex. A, Petition. At trial, plaintiff's representative testified that the amounts owed by defendant were $108,000. The jury returned a verdict in plaintiff's favor in the amount of $27,000. Dkt. # 74.

In its motion for new trial, plaintiff argues that jurors were allegedly confused by the jury instructions concerning substantial performance. See Menne v. Celotex Corp., 861 F.2d 1453, 1475 (10th Cir. 1988) (finding that the "jury instructions and special interrogatories concerning causation

were ambiguous enough to constitute significant and prejudicial error."). Specifically, plaintiff argues that the instruction describing "substantial performance" contradicts the instruction explaining the measure of damages for "substantial performance." This argument is both procedurally and substantively flawed.

As an initial matter, plaintiff failed to properly preserve its objection to these jury instructions on this basis. Fed. R. Civ. P. 51 requires that a "party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds of the objection." Fed. R. Civ. P. 51(c)(1); see Unit Drilling Co. v. Enron Oil & Gas Co., 108 F.3d 1186, 1190 (10th Cir. 1997). Failure to object amounts to waiver. Royal Maccabees Life Ins. Co. v. Choren, 393 F.3d 1175, 1179 (10th Cir. 2005) (citing Hardeman v. City of Albuquerque, 377 F.3d 1106, 1118 (10th Cir. 2004)). Rule 51 is strictly enforced. Allen v. Nelson Dodd Produce Co., 207 F.2d 296, 297 (10th Cir. 1953).

At the jury instruction conference, plaintiff objected to "the substantial performance clause because paragraph one of this contract is clear and unambiguous. The Court has never ruled there is any ambiguity. This [contract] has a disclaimer and all we were required to do under the terms of the contract is supply it. I believe that this instruction is not supported by the evidence and we object." The Court overruled this objection, finding that plaintiff's objection to the entire "substantial performance" instruction ignored the doctrine of frustration of purpose. Plaintiff objected to the inclusion of an instruction explaining the measure of damages for substantial performance on the same basis as his objection to the earlier substantial performance instruction: that there was no issue of substantial performance under the contract. The Court disagreed and overruled this objection. After the Court overruled plaintiff's objections to the inclusion of

substantial performance instructions, plaintiff failed to identify any risk of confusion from the language of the instructions and failed to object to the first sentence of the defining instruction. "If there is a problem with the instructions, the judge must be told precisely what the problem is, and as importantly, what the attorney would consider a satisfactory cure. We will not order a new trial on the basis of an alleged error that the district court may have been willing and able to correct had he been aware of the basis for counsel's objection." Castrignano v. E.R. Squibb & Sons, Inc., 900 F.2d 455, 461 (1st Cir. 1990). As plaintiff failed to properly object to these jury instructions on the basis of contradictory language, the instructions will be reviewed for plain error.

To determine whether plain error occurred, the Court must analyze whether the instructions were "'patently plainly erroneous and prejudicial.'" Unit Drilling Co., 108 F.3d at 1190 (citation omitted). First, the Court's instruction introducing the concept of "substantial performance" explained:

> In order for a party to recover for breach of contract, it must establish that it substantially performed its own obligations according to the terms of the agreement. A party is not required to perform each and every term of a contract completely and exactly in order to recover for its breach.
> Plaintiff's performance is substantial if it proves all of the following:
> 1.   Defendant received substantially what the contract required;
> 2.   Any omissions, deviations or defects can be corrected without difficulty; and
> 3.   Plaintiff acted in good faith in intending to perform its part of the contract.

Dkt. # 72, Jury Instructions, at 23; see Oklahoma Uniform Jury Instructions ("OUJI") No. 23.23. Plaintiff's contention is that the first sentence, which paraphrases OUJI, confused the jury. Plaintiff is essentially arguing that the jury was misled to believe that plaintiff could not recover if it did not fully perform the contract.

Second, the jury instruction on the measure of damages adopted the language of OUJI verbatim. That instruction states:

> If you find that plaintiff substantially performed the contract, then it is entitled to recover the full price stated in the contract that it has not already been paid less the cost of correcting any omissions, deviations, or defects that plaintiff caused.
> If you find that plaintiff did not substantially perform the contract, then its recovery is limited to the reasonable value of its performance less what it has already received.

Dkt. # 72, Jury Instructions, at 30; see OUJI No. 23.56. These two instructions were designed to be given together. "The sufficiency of the instructions is not determined by isolating a particular instruction or omission, but rather by viewing the instructions as a whole." Harris Market Research v. Marshall Marking and Communications, Inc., 948 F.2d 1518, 1528 (10th Cir. 1991); see Menne, 861 F.2d at 1470.

Based on the facts presented at trial, a jury could reasonably find both that defendant breached the ELA and that plaintiff failed to substantially perform under the agreement. Thus, the instructions were not prejudicial. Plaintiff's argument that the instructions confused the jury ignores the jury's award to plaintiff of reduced monetary damages. Simply by the nature of the jury verdict, it is clear that the jurors understood that a party need not substantially perform to recover partial costs.[1] Further, any alleged confusion caused by these instructions could have been cured, but plaintiff failed to ask for a definition of "substantial performance" and failed to object to the instruction given prior to judgment. Taken as a whole, "the instructions given were a correct statement of the law and imperfections in them did not rise to the level of plain error." Unit Drilling Co., 108 F.3d at 1191. Plaintiff failed to preserve its objection to these jury instructions and the

---

[1] Jury verdicts are entitled to deference. See Burton v. R.J. Reynolds Tobacco Co., 397 F.3d 906 (10th Cir. 2005). It is improper to assume that jury members cannot understand that one instruction defines a term and another sets forth the measure of damages. Connecticut v. Johnson, 460 U.S. 73 (1983) ("we must assume that juries for the most part understand and faithfully follow instructions."); Richardson v. Marsh, 481 U.S. 200, 211 (1987) ("The rule that juries are presumed to follow their instructions is a pragmatic one").

instructions accurately reflect Oklahoma law. Accordingly, plaintiff's motion for a new trial is denied.

In its motion for judgment as a matter of law, plaintiff asks the Court to award it greater damages. Fed. R. Civ. P. 50 provides that "if during a jury trial a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine that issue against that party and may grant a motion for judgment as a matter of law against that party . . . ." Fed. R. Civ. P. 50(a). With regard to a renewed motion for judgment as a matter of law, the Court may: allow the judgment to stand; order a new trial; or direct entry of judgment as a matter of law. Fed. R. Civ. P. 50(b). The Court must construe evidence and inferences in a light most favorable to the non-moving party. Doan v. Seagate Technology, Inc., 82 F.3d 974, 976 (10th Cir. 1996). The Court does not "'weigh the evidence, pass on the credibility of witnesses, or substitute [its] conclusions for that of the jury. However, [it] must enter judgment as a matter of law in favor of the moving party if there is no legally sufficient evidentiary basis with respect to a claim . . . under the controlling law.'" Yearous v. Niobrara County Mem'l Hospital, 128 F.3d 1351, 1353 (10th Cir. 1997) (quoting Mason v. Oklahoma Turnpike Authority, 115 F.3d 1442, 1450 (10th Cir. 1997)). Plaintiff fails to offer new evidence in its motion for judgment as a matter of law and the jury award is entitled to deference. See Yearous, 128 F.3d at 1353.

A motion for judgment as a matter of law can be granted "only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion." Haines v. Fisher, 82 F.3d 1503, 1510 (10th Cir. 1996). Plaintiff fails to account for evidence presented to the jury of its failure to comply with contract terms and evidence of ambiguous contract

language. For example, defendant argued that the exception for "ordinary wear and tear" in the ELA applied to the alleged damage to the crane. Defendant also offered evidence that plaintiff agreed not to bill for certain repairs. There was evidence that defendant paid a portion of plaintiff's invoices. Further, defendant presented evidence that plaintiff delivered a non-functioning "crawling" crane which plaintiff locked down during the course of the lease. The jury was instructed that, if they found plaintiff had not substantially performed its obligations under the ELA, the measure of damages was the "reasonable value of its performance less what it has already received." Construing the evidence in a light most favorable to defendant, the Court finds that a reasonable jury could have found that, while defendant breached the ELA, plaintiff was due only partial damages because of its own failure to substantially perform. Accordingly, the jury's verdict is legally supported by the evidence and plaintiff is not entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED** that plaintiff's motion for new trial (Dkt. # 78) and motion for judgment as a matter of law (Dkt. # 79) are **denied**.

**DATED** this 6th day of June, 2006.

_Claire V. Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT